UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MATHEW RAY YELEY,

        Plaintiff,

v.

FRANK SKRAH; JEANETTE DAVIDSON;
WOODY LUGO; VALARIE NEESE; and
CARLA THOMAS,

        Defendants.

Case No. 1:16-cv-00603-MC

OPINION AND ORDER

MCSHANE, District Judge:

      Plaintiff, an inmate at Two Rivers Correctional Institution (TRCI), filed suit pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to his health and serious medical needs while he was a pretrial detainee at the Klamath County jail. Defendants moved for summary judgment on all claims under Federal Rule of Civil Procedure 56, and plaintiff did not respond to the motion after receiving the requisite summary judgment notice from the court. For the reasons set forth below, defendants' motion is granted.

1   - OPINION AND ORDER

## DISCUSSION

Plaintiff was confined at the Klamath County jail from January 4 to April 14, 2016. Davidson Decl. at 2. During that time, plaintiff alleges that defendants denied him medical treatment for an extremely painful inguinal hernia. Compl. at 5. Plaintiff also claims that on February 18, 2016, he was "placed in a cell that had fecal matter clogging the vent and all over the walls." Compl. at 4.[1] Plaintiff alleges that defendants did not clean his cell and denied him cleaning supplies for several days. Construing his complaint liberally, plaintiff alleges claims of deliberate indifference under the Fourteenth Amendment. *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1312, *as amended on denial of reh'g*, 75 F.3d 448 (9th Cir. 1995) ("the convicted inmates' challenge is evaluated under the Eighth Amendment, and the pretrial detainees' challenge is evaluated under the Fourteenth Amendment"); *id.* at 1314 ("subjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain" supporting a claim of deliberate indifference); *see also Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) ("Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety.").

Defendants now move for summary judgment. To prevail on their motion, defendants must show that there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must construe the evidence and draw all reasonable inferences in the light most favorable to plaintiff. *See Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

---

[1] Plaintiff initially alleged that he was placed in the unsanitary cell on February 8, 2016. However, defendants submitted evidence that plaintiff was transferred to the cell in question on February 18, 2016 as a disciplinary measure after he fought with another inmate. Davidson Decl. at 2. During his deposition, plaintiff conceded that February 18, 2016 was the correct date. Warren Decl. Ex. 1 at 6 (Yeley Dep. at 14).

A. Unsanitary Cell Conditions

Defendants move for summary judgment on grounds that plaintiff was "housed in a reasonably clean cell." Defs.' Mot. at 8. Defendants further argue that even if a question of fact existed as to the cell's cleanliness, it is undisputed that plaintiff suffered no harm rising to the level of a constitutional deprivation. I agree.

The standard of deliberate indifference applies to Fourteenth Amendment claims alleging unconstitutional conditions of confinement. *Helling*, 509 U.S. at 30 ("where the claim alleges inhumane conditions of confinement or failure to attend to a prisoner's medical needs, the standard for that state of mind is the 'deliberate indifference' standard"); *Anderson*, 45 F.3d at 1313. Deliberate indifference is shown when a prison official knew or should have known a detainee faced a "substantial risk of serious harm" and failed to take reasonable measures to abate the risk. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071-72 (9th Cir. 2016) (en banc), *cert denied*, *Los Angeles Cnty. v. Castro*, 137 S. Ct. 831 (2017); *Toguchi v. Chung*, 391 F.3d 1051, 1057-58 (9th Cir. 2004) (negligence is insufficient to state a claim for deliberate indifference).[2]

According to the evidence presented by defendants, plaintiff was transferred to cell AP-4 on February 18, 2016 after an altercation with another inmate. Warren Decl. Ex. 1 at 6-7 (Yeley Dep. at 14-15). Although plaintiff asserts that the cell had brown smudges on the walls and an unpleasant odor, he did not inform deputies that his cell smelled of fecal matter or was otherwise

---

[2] In *Castro*, the Ninth Circuit held that the standard for deliberate indifference under the Fourteenth Amendment – as opposed to deliberate indifference under the Eighth Amendment – does not require a pretrial detainee to establish subjective awareness of the risk when alleging a failure-to-protect claim. *Castro*, 833 F.3d at 1068-1072 (discussing *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015)). Even if the Fourteenth Amendment standard diverges from the Eighth Amendment standard in cases alleging unsanitary cell conditions or inadequate medical treatment, "any possible divergence" does not affect my decision in this case. *Anderson*, 45 F.3d at 1313, n.1.

unsanitary. *Id.* Ex. 1 at 8-9, 11 (Yeley Dep. at 16-17, 20). Further, plaintiff complained of no significantly adverse effects caused by the odor and experienced no medical issues related to the cleanliness of his cell. *Id.* Ex. 1 at 17 (Yeley Dep. at 30). On February 22 and February 28, 2016, plaintiff requested and received cleaning supplies and used them to clean his cell. *Id.* Ex. 1 at 14-16 (Yeley Dep. at 25-26, 28).

Construing the evidence in the light most favorable to plaintiff, he was housed in cell with several fecal smudges and an unpleasant odor for a total of four days until he obtained cleaning supplies. While the Ninth Circuit has held that unsanitary conditions and nonworking toilets can rise to the level of deliberate indifference, the conditions in this case, as a matter of law, did not present a substantial risk of serious harm to plaintiff's health. *See, e.g., Hearns v. Terhune*, 413 F.3d 1036, 1042-43 (9th Cir. 2005) (serious health hazards in a prison yard lasting nine months – including non-working toilets, rusted sinks, insect-infested pools of water, and no cold water during 100-degree temperatures – stated a claim for deliberate indifference); *Johnson*, 217 F.3d at 732 ("substantial" deprivation of food, drinking water, sunscreen, and toilet access stated viable constitutional violations). Plaintiff did not endure substantially unsanitary conditions for a prolonged period of time, and he presents no evidence that jail officials knew or should have known of any serious health risk.

Aside from the merits, plaintiff's claim is barred because he did not file a grievance with jail officials regarding the conditions of his cell. Under the Prison Litigation Reform Act, an inmate must exhaust all available administrative remedies before filing a federal claim to redress prison conditions or incidents. 42 U.S.C § 1997e(a); *Ross v. Blake*, 136 S. Ct. 1850, 1855-56 (2016); *Woodford v. Ngo,* 548 U.S. 81, 85, 89-91 (2006) (PLRA exhaustion requirement is mandatory and requires compliance with both procedural and substantive

4    - OPINION AND ORDER

elements of the prison grievance processes). Accordingly, defendants' motion is granted as to this claim.

B. Serious Medical Needs

Defendants move for summary judgment on grounds that the evidence does not demonstrate deliberate indifference to plaintiff's serious medical needs. Again, I agree.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Specifically, plaintiff must show: 1) the existence of "a serious medical need"; and 2) "the defendant's response to the need was deliberately indifferent." *Id.* "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Doty v. Cnty. of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994) (citation omitted). Prison officials may demonstrate deliberate indifference by denying, delaying, or intentionally interfering with medical treatment, or by the manner in which they provide medical treatment. *Gamble*, 429 U.S. at 104-05; *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002). Where a prisoner alleges a delay in receiving medical treatment, the delay must have led to "significant harm." *Hallett*, 296 F.3d at 746.

According to the evidence presented by defendants, plaintiff first noticed he might have a hernia in December 2015, prior to his incarceration, and he did not seek treatment at that time. During his confinement at the Klamath County jail, plaintiff sent inmate communications to jail staff regarding a "lump" which he suspected to be a hernia. Warren Decl. Ex. 1 at 30, 34, 36-37 (Yeley Dep. at 52, 59, 63-64). In approximately mid-January 2016, plaintiff was examined by medical staff. Warren Decl. Ex. 1 at 32 (Yeley Dep. at 55). Plaintiff asserts that the medical

5   - OPINION AND ORDER

technician "checked the wrong area" and failed to identify a hernia. *Id.* Ex. 1 at 40 (Yeley Dep. at 68).

Even though plaintiff asserted that he experienced severe pain and could not move because of his hernia, plaintiff exercised regularly and vigorously during his confinement at the Klamath County jail. Davidson Decl. at 2 & Ex. 3 (video recordings). In recorded telephone conversations, plaintiff repeatedly told others that he was "working out" by doing up to 400 push-ups and 400 sit-ups daily, walking and running in his cell and in the exercise yard, and performing other strenuous exercises such as "burpees." Eddins Decl. Exs. 1-3, 5-6, 8-12; Davidson Decl. Ex. 2 (audio recordings).

Nonetheless, after plaintiff continued to complain about his hernia, jail staff scheduled an appointment for May 19, 2016 with an outside physician. Warren Decl. Ex. 1 at 41-43, 49 (Yeley Dep. at 70-71); Eddins Decl. Ex. 7. However, on April 14, 2016, before his scheduled appointment, plaintiff was transferred from the Klamath County jail to the Oregon Department of Corrections (ODOC). Davidson Decl. at 2. Plaintiff was examined at an ODOC facility and referred to an outside medical provider for evaluation and treatment. Warren Decl. Ex. 3 at 2-6. Plaintiff's treatment was delayed until he was transferred to another facility, and he eventually underwent surgery on August 1, 2016 for an inguinal hernia. *Id.* Ex. 3 at 6-8.

This record does not suggest deliberate indifference on the part of defendants. At most, plaintiff received an incorrect diagnosis when no hernia was diagnosed in January 2016. However, inadequate medical treatment due to negligence or inadvertence does not rise to the level of a constitutional violation. *Gamble*, 429 U.S. at 105-06; *Hamby v. Hammond*, 821 F.3d 1085, 1094 (9th Cir. 2016) ("course of non-surgical treatment pursued by the prison officials" was "not indisputably unconstitutional" and amounted to "possible negligence" at most).

Furthermore, plaintiff engaged in vigorous exercise while confined at the jail, and defendants would not have been aware that plaintiff allegedly suffered extreme and immobilizing pain from an undiagnosed hernia. Regardless, jail officials scheduled a medical appointment for plaintiff after he continued to complain about a possible hernia, and the record shows no significant harm resulting from any delay.

Finally, plaintiff did not exhaust his administrative remedies with respect to this claim. 42 U.S.C § 1997e(a); *Ross*, 136 S. Ct. at 1855-56. Although plaintiff requested a grievance form, his request was denied because he had a medical appointment by that time. Lugo Decl. Ex. 1. Plaintiff did not object to the denial or make another request for a grievance form.

In sum, given the undisputed facts of record, no genuine issue of material fact precludes summary judgment on plaintiff's claim alleging deliberate indifference to his medical needs.

## CONCLUSION

For the reasons explained above, defendants' Motion for Summary Judgment (ECF No. 27) is GRANTED.

IT IS SO ORDERED.

DATED this 13th day of June, 2017.

 s/ Michael J. McShane
Michael McShane
United States District Judge